STILES EDGERTON *vs.* EDWARD WOLF & another.

Declarations of one of two defendants in an action of trover, made while in possession of the property, that the plaintiff formerly owned it, are admissible against himself, but not against the other defendant, to prove title in the plaintiff.

Where a witness denies that he stated a fact as another witness has testified that he did, and testifies that he stated a different fact, evidence that the fact existed which he testifies that he stated is inadmissible to corroborate him.

An infant who receives property under a contract of sale to him, and then surrenders it to the seller, intending to give up all his interest in it, cannot afterwards avoid such surrender, and retake the property from the possession of the seller.

ACTION OF TORT for the conversion of a horse. The defendants answered separately; Wolf denying the plaintiff's title, and alleging title in himself; and Crafts denying the plaintiff's title, and also the conversion.

At the trial in the court of common pleas, before *Mellen*, C. J., before the case was opened to the jury, the defendants' counsel moved for separate trials, on the ground that the issues were different, and that the plaintiff would offer evidence of admissions by Wolf, which would be incompetent against Crafts, but which would prejudice his case with the jury. But the motion was overruled.

The only evidence of the plaintiff's title was of statements of Wolf, while in possession of the horse, that he had bought the horse of the plaintiff, and was to have the right to return him, if he could not get the money to pay for him; and of subsequent statements of Wolf that, not being able to get the money, he had returned the horse to the plaintiff. It was admitted that

Wolf afterwards took the horse from the plaintiff's possession in Holyoke; and there was evidence that, on the next day after such taking, Crafts was in possession of the horse, and subsequently sold him.

The defendants' counsel objected, in behalf of Crafts, to the admission of Wolf's declarations; and asked the judge to instruct the jury that they were not admissible against Crafts, But the judge ruled and instructed the jury that the declarations of Wolf, made while in possession of the horse, in regard to the ownership, and his subsequent declarations that he had returned him, were admissible against Crafts to prove title in the plaintiff.

The defendants introduced evidence that Wolf, the same day he took the horse, sold him to one Field; and called as a witness one Dickerman, who testified that he bought the horse of Field at Hartford, and that Crafts, at Dickerman's request, went to see the horse at Hartford, but had no interest in the horse.

The plaintiff, to contradict Dickerman, called one Hunter, who testified to statements of Dickerman that Crafts had told him of the sale by the plaintiff to Wolf, and of the return of the horse to the plaintiff, and had also told him that he had bought the horse of Wolf, and was afraid that the plaintiff would find out where he was.  Hunter also testified that he was present when Dickerman and Crafts came to see the horse in Hartford; that Dickerman then took him aside, and told him that Crafts had offered to exchange this horse with Dickerman for a gray mare.  Dickerman, being recalled by the defendants, denied that he had any such conversation with Hunter, or that he ever had any negotiations for an exchange of his gray mare for this horse, with Crafts or any other person; but stated that he did have a conversation with Hunter at a different time, about the exchange of his gray mare for another horse with another person.  The defendants then offered to show that Dickerman, through the agency of Crafts, did make such an exchange as Dickerman had stated.  But the court excluded the evidence.

It appeared that Wolf was a minor, and the defendants contended that, if the sale from the plaintiff to Wolf was absolute

it vested the property in Wolf, and a resale or return of it by him to the plaintiff, even if voluntarily made, was a voidable act, and was avoided by Wolf's retaking the property and selling it. But the court refused so to rule, and instructed the jury " that, if Wolf had the property of the plaintiff, and afterwards voluntarily returned it to him, intending to give up all his interest in it to him, and the plaintiff accepted and took possession of the property, such surrender would restore the title to the plaintiff, and the plaintiff could not afterwards lawfully retake the property and sell it."

The jury returned a verdict for the plaintiff; and also, in answer to written questions of the court, found specially that there was a rescission of the contract of sale of the property in controversy between Wolf and the plaintiff, with an agreement between them that Wolf should surrender the property to the plaintiff, and thus revest the title in him ; and that Edgerton, pursuant to such agreement, took possession of the property. The defendants alleged exceptions.

*J. Wells*, for the defendants.  1. The only evidence of title in the plaintiff was the declarations of Wolf while in possession of the horse ; and those were not admissible against Crafts, not being made in the execution of a common design, and no joint interest being shown.  1 Greenl. Ev. §§ 176, 177.  1 Phil. Ev. (3d Amer. ed.) 378.  1 Stark. Ev. (4th Amer. ed.) 47, 48, 51. *Tuttle* v. *Cooper*, 5 Pick. 414.  *Robbins* v. *Willard*, 6 Pick. 464. *Gay* v. *Bowen*, 8 Met. 100.  *Ostrom* v. *Jacobs*, 9 Met. 454.  *Burke* v. *Miller*, 7 Cush. 547.  *Haynes* v. *Rutter*, 24 Pick. 242.  *Pool* v. *Bridges*, 4 Pick. 378.

2. There was a conflict, either of accuracy or of veracity, between Dickerman and Hunter.  The evidence offered to corroborate Dickerman and contradict Hunter should therefore have been admitted.

3. The sale of the horse by the plaintiff to Wolf vested the property in Wolf.  Its restoration to the plaintiff, whether considered as a resale, or merely as a surrender or release, was a contract affecting Wolf's rights of property, which he, being a minor, might avoid.  *Baker* v. *Lovett*, 6 Mass. 80.  Or if con-

sidered as a disaffirmance of the contract of purchase, it was still a suspension rather than an avoidance, and was in itself voidable; and he might afterwards retake the property, though still a minor.  1 Parsons on Con. 279 *&f note.  Bool* v. *Mix,* 17 Wend. 119.

*C. A. Winchester,* for the plaintiff.   The declarations of Wolf, while in possession of the horse, in disparagement of his own title, were competent evidence against Crafts, to prove title in the plaintiff.  *Bradley* v. *Spofford,* 3 Foster, 444.   *Avery* v. *Clemons,* 18 Conn. 309.   *Parker* v. *Marston,* 34 Maine, 386.   *Holt* v. *Walker,* 26 Maine, 107.   *Willies* v. *Farley,* 3 Car. & P. 395. *Woolway* v *Rowe,* 1 Ad. & El. 114.   *Coit* v. *Howd,* 1 Gray, 547.

2.  The evidence of another exchange of horses had no tendency to contradict Hunter, and was inadmissible to support the defendants' own witness.  *Commonwealth* v. *Parker,* 2 Cush. 212. *Dudley* v. *Bolles,* 24 Wend. 465.   *State* v. *Winkley,* 14 N. H. 493.   *Conrad* v. *Griffey,* 11 How. 480.   1 Stark. Ev. 148.

3.  The ruling concerning the rights of Wolf to avoid his contracts was correct.   An infant cannot disaffirm his contract, unless he can place the other party *in statu quo.  Badger* v. *Phinney,* 15 Mass. 359.   *Stone* v. *Dennison,* 13 Pick. 1.   *Breed* v. *Judd,* 1 Gray, 455.   *Heath* v. *West,* 8 Foster, 101.   *Bartholomew* v. *Finnimore,* 17 Barb. 428.

DEWEY, J.   The refusal of the presiding judge to order separate trials is not relied on as a ground of exception, the matter being wholly within his discretion.  *Kimball* v. *Thompson,* 4 Cush. 445.   *Commonwealth* v. *Robinson,* 1 Gray, 560.

1.  But the exception taken by Crafts to the admission of the declarations of Wolf in regard to the ownership of the property in controversy must be sustained.   As the case was presented upon the evidence, the plaintiff had not shown any title in himself at any time, by any competent evidence, as against Crafts. The admissions of Wolf were competent evidence against him; but as against Crafts, it was necessary that the plaintiff should go further, and show, at least, that at some previous period he was the owner of the horse.   The declarations of Wolf do not prove that fact. except against himself.   The question is not

Edgerton *v.* Wolf & another.

upon the admission of the declarations of Wolf to qualify his title, or explain his possession; but upon the competency and sufficiency of such declarations to show affirmatively a title at any former period in the plaintiff. In the view we take of this question, such declarations are only competent to rebut a title set up by or under the person making them, and not as affirmative evidence of title in the person who is thus stated to be the owner, as against a third party who denies that the plaintiff was ever the owner of the property.

2. The other exceptions present questions affecting both defendants. The rejection of the testimony offered to corroborate Dickerman was proper. It was merely evidence offered to corroborate a statement of Dickerman, the witness of the defendant, who had himself been called to contradict Hunter, the witness of the plaintiff. Dickerman had directly contradicted Hunter, and stated that the conversation testified to by Hunter was in reference to another exchange of horses. Evidence that there was such an exchange as stated by Dickerman did not show that Hunter had not stated truly Dickerman's declarations, or that they were not made at the time stated by Hunter. I confirmed the statement of Dickerman that there was anothe exchange of horses; but that was a collateral fact, and would not justify calling other witnesses to show that fact.

3. The remaining exception is to the ruling of the court that if Wolf received the property of the plaintiff under a contract of sale, but afterwards voluntarily returned it to the plaintiff, intending to give up all his interest in it, and the plaintiff accepted it, such surrender would restore the title to the plaintiff, and Wolf could not afterwards lawfully retake the property and sell it. Looking at the precise state of facts as developed in this case, we have no doubt of the correctness of the ruling. Wolf, a minor, had, as he alleged, bought the horse of the plaintiff; but the contract was that of a minor, and so voidable at his election. This he might do as well against, as with the consent of the plaintiff. The case finds that he did thus voluntarily return the horse to the plaintiff, intending to give up all his interest in the property. The case is none the worse for the plaintiff, because

he assented to this act of avoidance and return of the property by Wolf. The sale, which was voidable, was thus avoided by the infant, and all the rights of the vendor revested in him. Wolf had thus effectually availed himself of any privilege which attached to his minority, and the contract was no longer in force. With the surrender of the property to the plaintiff, intending to give up all his interest in it, he ceased to have any right over the property, and could not retake the same against the will of the plaintiff.

*Exceptions sustained as to Crafts; overruled as to Wolf.*